IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GILBERT A. SOULE, a/k/a JERRY
SOULE, owner of JERRY'S TREE
CUTTING SERVICE,

           Plaintiff,

vs.                               Case No. 13-1056-SAC

LMZ, LLC,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the plaintiff's motion to remand and request for attorneys' fees for improper removal. (Dk. 9). The plaintiff Jerry's Tree Cutting Service ("Jerry's") filed this action in the District Court of Greenwood County, Kansas, to collect $29,665.00, plus costs and attorneys' fees, as the balance owed on its billing for goods and cutting services provided to the defendant LMZ, LLC ("LMZ") from April through June of 2012. (Dk. 1, pp. 5-7, 14-15). Before filing this action, Jerry's filed a mechanic's lien on its claim of $29,665.00 in September of 2012 against real property owned by the defendant LMZ in Greenwood County, Kansas. (Dk. 1, pp. 9-11). The state court petition seeks to foreclose on the mechanic's lien and, alternatively, seeks to the recover the balance in a breach of contract claim and quantum meruit claim.

LMZ filed a notice of removal asserting it is a single-member limited liability company and its member is a resident of Utah for purposes of diversity jurisdiction. (Dk. 1, p. 2). LMZ also asserts the amount in controversy exceeds $75,000 based on the following allegation:

> 11. Plaintiff alleges that he is owed $29,665.00 for tree cutting services that he performed on LMZ's real property, plus he seeks attorneys' fees, costs, and other unstated equitable relief the Court deems appropriate. However, the object of the litigation is LMZ's property. Plaintiff claims a mechanic's lien on the property and seeks to foreclose it, forcing the property to be sold. The proper measure of the amount in controversy is therefore the fair market value of the property, which Greenwood County has appraised at $301,240.00.

(Dk. 1, p. 2).

The plaintiff moves to remand arguing first that the removal was defective, because the notice filed in state court included an erroneous date. The plaintiff argues second that the amount in controversy does not meet the $75,000.00 threshold, because the plaintiff brings this action to recover the balance owing and not to obtain declaratory or injunctive relief. The plaintiff also seeks attorney fees under 28 U.S.C. § 1447(c), and it contends that "[t]he intent of the statute is to reimburse a party, like Mr. Soule, who has incurred expenses in attacking an insufficient removal." (Dk. 10, p. 8). LMZ responds that the error in the state court notice is so inadvertent and trivial that it does not burden or prejudice the court or the removal process. Proposing that the amount of controversy should be determined from the pecuniary result to either party, LMZ characterizes the state action as having the "predominant purpose" to foreclose on LMZ's real property and that this

requested relief is "in the nature of a mandatory injunction" that would force the sale of LMZ's real property which is the object of the litigation. (Dk. 13, p. 5). This leads LMZ to the conclusion that, "[b]ecause LMZ stands to lose its real property if Plaintiff prevails in its foreclosure action and because the object of Plaintiff's foreclosure action is clearly LMZ's property, the value of LMZ's property must be the measure of the amount in controversy." *Id.* In reply, the plaintiff denies seeking any declaratory or injunctive relief but rather "is asking the court to award $29,665.00 for an unpaid bill and to be allowed to foreclose the lien on the property if necessary in order to collect payment from an out of state defendant." (Dk. 14, p. 3). Finally, the plaintiff asks for fees as "the defendant should have known that the amount in controversy for collection of a debt of $29,665.00, based on the pleadings was not in excess of $75,000.00." *Id.* at 4.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction over an action between citizens of different states and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as

limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citation omitted). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing that removal jurisdiction exists. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Thus, it falls to the defendant here to prove the jurisdictional prerequisites of § 1332(a). *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). It follows that "'the courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states,' *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998), and that the presumption is therefore 'against removal jurisdiction,' *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)." *Id.* at 1289.

After filing the notice of removal in this court on February 4, 2013, (Dk. 1), LMZ complied with 28 U.S.C. § 1446(d) in filing in the District Court of Greenwood County, Kansas on February 6, 2013, a copy of this notice as an attachment to its pleading entitled "Notice." (Dk. 10-1, p. 1). In that pleading, LMZ erroneously stated that the state case was "originally filed in this Court [state district court] on March 21, 2012." *Id.* Because the "Notice" bore the proper state case caption, was filed in the proper state case, and was accompanied by a copy of the notice of removal filed in federal court, the "Notice" was fully effective for purposes of § 1446(d) even

though it contained a mistaken date on when the original state action was filed. Such a mistake has no effect on the validity of the § 1446(d) notice and is a purely technical error that does not require remand. *Cf. Christenson Media Group, Inc. v. Lang Industries, Inc.*, 782 F. Supp. 2d 1213, 1221-22 (D. Kan. 2011) (§ 1446(d) notice signed by an attorney not admitted in Kansas is a "minor procedural defect()" that "does not justify remand."). The court rejects the plaintiff's first argument for remand.

In their briefing of whether the amount in controversy exceeds $75,000.00, the parties have not discussed the recently amended procedures for removing certain civil actions. See Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub.L. No. 112–63, § 103(b), 125 Stat 760, 762 (amending 28 U.S.C. § 1446).[1] As amended by the JVCA, section (c) to 28 U.S.C. § 1446 now lays out the procedural requirements for removal based on diversity of citizenship. Of specific importance to the present case is the language appearing at § 1446(c)(2), which reads:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the

---

[1] The JVCA took effect on January 6, 2012. As set out in a note to 28 U.S.C. § 1332, "Publ.L. 112-63, Title I, § 105, Dec. 7, 2011, 125 Stat. 762, provided that: . . . the amendments made by this title . . . shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act [Dec. 7, 2011], and shall apply to any action or prosecution commenced on or after such effective date." For removal actions, the commencement date is "the date the action or prosecution was commenced, within the meaning of State law, in State court." *Id*. The plaintiff commenced the instant action in state court after January 6, 2012.

> initial pleading shall be deemed to be the amount in controversy, except that--
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> > > (i) nonmonetary relief; or
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The parties' briefs do not cite nor apply this provision to their arguments. This court recently discussed this provision in *Butler v. Target Corporation*, 2012 WL 5362974 (D. Kan. Oct 21, 2012), finding that the notice of removal could assert the amount in controversy based on the Kansas practice permitting recovery of damages in excess of the amount demanded. Thus, removal "is proper on the basis of an amount in controversy asserted" in the notice of removal "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B). The issue here does not turn on the proof of jurisdictional facts but on the proper legal characterization of this action for purposes of valuing the amount in controversy.

The court cannot fairly read the plaintiff's petition in the strained manner proposed by the defendant. The "predominant purpose" of the plaintiff's action is not to foreclose on LMZ's real property or to seek declaratory or injunctive relief that affects the rights to LMZ's real estate. Rather, the primary purpose of the plaintiff's action is to collect an unpaid

debt for tree cutting services it performed on the defendant's property. The plaintiff's objective is to recover its damages, that is, to have the defendant pay the balance of the outstanding billing. The suit is not being brought to recover an interest in, to settle title to, or to adjudicate respective rights to the real property. Thus, the value of the land should not be included in the amount in controversy. This conclusion is fully supported by the plain terms of the complaint and by the case law revealed in the court's research of this issue.

In *Lion Bonding & Surety Co. v. Karatz*, 262 U.S. 77, 82 (1923), Karatz was "an unsecured simple contract creditor" with a claim in the amount of $2,100 against an insolvent insurance company with property assets valued in excess of $20,000. Karatz filed a bill of equity that sought to have his claim determined and declared a first lien upon the assets and to have receivers appointed. *Id*. The Court held:

> The only ground of jurisdiction alleged is diversity of citizenship. The facts specifically stated show that the amount in controversy was less than $3,000. Plaintiff's claim against the company was $2,100. He prayed that this debt be declared a first lien on the assets within the state. His only interest was to have that debt paid. The amount of the corporation's assets, either within or without the state, is of no legal significance in this connection. Nor is the amount of its debts to others. The case is not of that class where the amount in controversy is measured by the value of the property involved in the litigation. *Hunt v. New York Cotton* Exchange, 205 U.S. 322, 335, 27 Sup. Ct. 529, 51 L.Ed. 821; *Western & Atlantic R.R. v. Railroad Commission of Georgia*, 261 U.S. 264, 43 Sup. Ct. 252, 67 L.Ed.--, No. 195, decided February 19, 1923.

262 U.S. at 85-86. The Supreme Court found that the amount in controversy was set by the plaintiff's claim which did not exceed the jurisdictional amount. *Id.* at 86. This approach echoes the holding in *Farmers' Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (1833):

> The bill was filed for the purpose of obtaining a decree for the sale of a lot, on which a deed of trust had been given, to secure the payment of a sum of money amounting with interest to less than $1000.
> The appellant alleges, in support of the jurisdiction of the court, that the real question is, whether the debtor be entitled to the lot, and as that is worth more than $1000, this court may take jurisdiction, though the sum claimed in the bill is less. The court is of a different opinion. The real matter in controversy is the debt claimed in the bill; and though the title of the lot may be inquired into incidentally, it does not constitute the object of the suit.

*Id.* In the same vein as these Supreme Court decisions, the real matter in controversy in the plaintiff Jerry's suit is the collection of an outstanding bill for services and goods provided. Jerry's only interest in asserting a mechanic's lien and in seeking to have it enforced was to insure its recovery from the out-of-state defendant according to this alternative remedy.

What the defendant argues in characterizing the plaintiff's action ignores the plain purpose of the plaintiff's suit: the recovery of an unpaid bill. The defendant cites no legal precedent for characterizing a simple collection case as an action principally seeking injunctive relief or to quiet title to real estate, simply because the plaintiff creditor seeks as an alternative remedy the foreclosure of a mechanic's lien. "A mechanic's lien action merely settles the claim of an unpaid mechanic or materialman, and

does not purport to settle or clear title to the property carrying the lien." *Brooks v. United States*, 833 F. 2d 1136, 1143 (4th Cir. 1987).

The case of *Sapphire Beach Resort and Marina Condominium Ass'n Revocable Trust v. Martin*, 2008 WL 2074111 (D.V.I. May 13, 2008), demonstrates how these debt actions are properly characterized. The plaintiff trust, as the assignee of the association's receivables that included delinquent accounts of marina slip owners, sued for the recovery of delinquent dues and charges and for the foreclosure of a statutory lien on the marina slip owned by the defendant debtor. The defendant opposed federal jurisdiction arguing the amount in controversy was the $13,930.76 in delinquent payments or the amount of the lien, but the plaintiff insisted the jurisdictional amount was met because the slip was valued over $75,000. The court dismissed the case for lack of jurisdiction and offered this sound reasoning:

> The Trust argues that in debt and foreclosure actions, the jurisdictional amount is determined by the value of the property to be foreclosed rather than by the alleged amount due. To support this theory, the Trust cites *Black v. Jackson*, 177 U.S. 349, 356, 20 S.Ct. 648, 44 L.Ed. 801 (1900), which held that "in determining the value of the matter in dispute we should look at the value of the land, not simply at the value of the right of present possession."
> The Trust's reliance on *Black* is misplaced. First, *Black* dealt with title to real property as opposed to foreclosure of a lien on real property. It is true that in actions for declaratory relief or to quiet title to property, the value of the property is determinative of the amount in controversy. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("In actions seeking declaratory . . . relief, it is well established that the amount-in-controversy is measured by the value of the object of the litigation.").

> However, this is an action for debt and foreclosure. In an action for debt and foreclosure, the amount in controversy is determined by the debt claimed. *See, e.g., Farmer's Bank of Alexandria v. Hooff*, 32 U.S. 168, 170, 7 Pet. 168, 8 L.Ed. 646 (1833) (dismissing appeal for lack of jurisdiction where the amount in controversy, the money owed under the deed of trust, was less than the jurisdictional amount although the value of the property exceeded the jurisdictional amount).
>
> In *Farmer's Bank*, an action was filed to foreclose on a deed of trust on a lot, which was given to secure the payment of a sum of money. *Id*. The sum secured by the deed of trust was less than $1,000, which was the jurisdictional amount at the time. The appellant argued that there was jurisdiction because the value of the lot was in excess of $1,000. *Id*. The Court held that "[t]he real matter in controversy is the debt claimed in the bill; and though the title of the lot may be inquired into incidentally, it does not constitute the object of the suit." *Id*.
>
> Although the Trust's complaint alleges that the good faith value of the slip exceeds $75,000, title to the slip is not in dispute, nor is the Trust seeking a superior title to the slip. Rather, the Trust seeks to foreclose on a lien against the slip. The amount in controversy, therefore, is the debt of $13,930.76. *See id*. As such, it appears to a legal certainty that the Trust's claim is less than the required minimum jurisdictional amount. Accordingly, the Court lacks subject matter jurisdiction over this action.

2008 WL 2074111 at *2-*3. The same reasoning applies with equal force on the facts here. The amount in controversy is not the value of the defendant's real property that is the subject of a mechanic's lien, but it is the unpaid bills and associated costs and fees allegedly owed by the defendant. Thus, the court finds that the defendant LMZ has not met its burden of establishing the jurisdictional prerequisites of § 1332(a), as the amount in controversy does not exceed $75,000. Lacking subject matter jurisdiction of this action, the court grants the plaintiff's motion to remand.

The plaintiff summarily requests fees and costs pursuant to 28 U.S.C. § 1447(c) arguing that the present case fits the intended scope of the statute and that the defendant should have known the amount in controversy as pleaded did not meet the jurisdictional requirement. "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" *Porter Trust v. Rural Water Sewer and Solid Waste Management Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The plaintiff's cursory request and briefing fail to show the lack of any objective reasonable basis in the defendant's asserted grounds for seeking removal. The plaintiff's request for fees and costs is denied.

IT IS THEREFORE ORDERED the plaintiff's motion to remand (Dk. 9) is granted, but the plaintiff's request for fees and costs is denied;

IT IS FURTHER ORDERED that this case is immediately remanded to the District Court of Greenwood County, Kansas. The clerk of the court is directed to mail a certified copy of this order to the clerk of the District Court of Greenwood County, Kansas pursuant to § 1447(c).

Dated this 2nd day of April, 2013, Topeka, Kansas.

    s/ Sam A. Crow
    Sam A. Crow, U.S. District Senior Judge